UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN SANCHEZ,<br>Petitioner,<br>v.<br>JAMES D. HARTLEY,<br>Respondent. | 1:09-cv-02182-OWW-JLT HC<br>FINDINGS AND RECOMMENDATIONS REGARDING RESPONDENT'S MOTION TO DISMISS (Doc. 10)<br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The instant petition for writ of habeas corpus was filed on December 16, 2009. (Doc. 1). The petition challenges the findings of a 2008 prison disciplinary hearing that Petitioner was guilty of excessive contact with a female visitor, resulting in a loss of credits and visitation privileges. (Id.). On March 10, 2010, the Court ordered Respondent to file a response. (Doc. 6). On May 13, 2010, Respondent filed the instant motion to dismiss, contending that Petitioner had failed to state a claim upon which habeas relief could be granted because Petitioner raised only claims under California state law. On May 28, 2010, Petitioner filed his opposition (Doc. 11), and on June 3, 2010, Respondent filed a reply. (Doc. 12).

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the Court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, the Motion to Dismiss is based on Respondent's contention that Petitioner has failed to raise a federal constitutional claim upon which habeas relief can be granted. Since such a motion places the case in a procedural posture similar to those approved by the Ninth Circuit, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4. O'Bremski, 915 F.2d at 420.

B. The Petition Fails To Raise A Federal Constitutional Issue Justifying Habeas Jurisdiction.

1. Factual And Procedural History Of Petitioner's Claim.

On June 21, 2008, a Rules Violation Report ("RVR") was issued to Petitioner for "excessive contact." (Doc. 1, p. 18). The specific factual allegation reads as follows:

> On Saturday, June 21, 2008, at approximately 1428 hours while working as Facility II Visiting Officer #1, I observed inmate Sanchez...engaging in Excessive Contact. This was recorded on camera #1. Inmate Sanchez' female visitor was fondling his groin area outside of his state issued pants with her hands. Both Sanchez and his visitor were also kissing each other. Sanchez hand [sic] been counseled about his conduct by my partner Correctional Officer Villapando a few hours earlier. Sanchez was aware of the expectations in the visiting room. Visit was terminated and the visiting Complex Sgt. D. David was notified of the circumstances. Sgt. Davis escorted the visitor back to the visiting processing center and Inmate Sanchez was escorted back to Facility II.

(Doc. 1, p. 18).

Petitioner was given a copy of the charges on July 1, 2008, and a disciplinary hearing was held on July 3, 2008. (Doc. 1, p. 19). Petitioner did not request any witnesses to be present at his hearing. When entering his plea, Petitioner stated as follows:

> "I'm not guilty. Officer Villpando did ask me at the beginning of the visit if I knew the visiting rules and I said yes. It was not because I was doing anything wrong. That's all I got to say. It was not my intentions to disrespect the visitors or the visiting staff. She did have her hand resting there, but she was not fondling me."

(Id.).

In addition to Petitioner's statement, the hearing officer took into consideration the factual allegations in the Rules Violation Report as well as a videotape recording of the visitation room dated June 21, 2008, the date of the violation. (Id.). The hearing officer viewed the videotape along with Petitioner. Afterward, in finding Petitioner guilty of the disciplinary violation, the hearing officer indicated that "it was unclear if in fact his visitor was fondling his groin. However, it was clear that both failed to follow visiting procedures by frequently kissing each other. Therefore, this senior hearing officer chose to suspend subject's visits for a period of only two months...." (Id. at p. 20). The hearing officer assessed Petitioner thirty days forfeiture of credit "consistent with a division "F" offense" as well as sixty days' loss of privileges, specifically visiting privileges. (Id.).

Petitioner pursued his administrative remedies within the prison system, including a second level appeal in which he maintained that the RVR should have charged a less serious "administrative violation" rather than a "serious" violation, and that prison personnel should have engaged in a policy of progressive discipline involving warnings rather than simply issuing the RVR. (Doc. 10, Ex. 1, p. 19). The appeal was denied. (Id.).

On February 9, 2009, Petitioner filed a petition for writ of habeas corpus in the Superior Court for the County of Kings, again contending that the RVR for Excessive Contact should have been classified by the hearing officer as administrative rather than as a serious rule violation. (Doc. 10, Ex. 2, p. 1). After noting that Cal. Code Regs., titl. 15, § 3175 (a) and (e) together "limit physical contact between inmates and their visitors to a single embrace and/or kiss at the beginning and end of each visit," and that conduct during visiting may "rise to the level of a security threat or concern,"

the Superior Court denied the petition as follows:

> It is without dispute in this case that Petitioner violated physical contact visiting restrictions multiple times, even after being counseled by prison staff. Despite knowing the rules limiting his physical contact with visitors, Petitioner and his female visitor engaged in excessive kissing and the potential fondling of his groin area. The opportunity for the passing of contraband between individuals engaged in such conduct is very real; especially when viewed in light of Petitioner's willingness to intentionally and repeatedly disregard limiting prison regulations.

(Doc. 10, Ex. 2, p. 2). Petitioner raised virtually identical issues in a habeas corpus petition filed in the California Court of Appeal, which subsequently denied the petition (Doc. 10, Ex. 3, 4), and in a later petition in the California Supreme Court, which was also. (Doc. 10, Ex. 5, 6).

The instant petition contains but a single claim:

> Due Process Violation due to the superior court's unreasonable application of the some evidence standard of review articulated in Superintendent v. Hill, 472 U.S. 445. No evidence supports the notion that a infraction for excessive kissing in the prison visiting room between a prisoner an his visitor presented a threat to facility security as described in the California Code of Regulations, title 15, 13315.(a)(3)(N) [sic]. The Superior Court salvaged respondent's characterization of the misconduct as presenting a threat by speculating about an "opportunity" for passing contraband, an allegation not supported by this record.

(Doc. 1, p. 4).

2. <u>The Petition Fails To State A Cognizable Federal Habeas Claim</u>.

Respondent's motion to dismiss argues that Petitioner's claim, i.e., that the charge should not have been classified as a "serious" offense but only as an administrative one, is not cognizable under federal habeas law because it raises issues only of state law. The Court agrees.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." <u>See also</u>, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973).

In order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate

that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Here, Petitioner does not allege a violation of the Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law. Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254.

Instead, Petitioner argues simply that Respondent erred in classifying the rule violation of Excessive Contact as a "serious" violation under these facts. Such a claim raises only state law issues, and generally, issues of state law are not cognizable on federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67 (1991)("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-349 (1993)(O'Connor, J., concurring)("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"); Middleton v. Cupp, 768 F.2d 805, 814 (9th Cir. 1987)(Habeas corpus is unavailable for alleged errors in the interpretation or application of state law.).

Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989). Further, "the availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution." Sawyer v. Smith, 497 U.S. 227, 239 (1990), *quoting,* Dugger v. Adams, 489 U.S. 401, 409 (1989). Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), *cert. denied*, 498 U.S. 1091 (1991) ("incorrect" evidentiary rulings are not the basis for federal habeas relief).

Moreover, Rule 4 of the Rules Governing Section 2254 Cases explicitly allows the district court to summarily dismiss a habeas petition when no claim for relief is stated. See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). Notice pleading is insufficient; the petitioner must state sufficient facts. See id. (*citing* Blackledge v. Allison, 431 U.S. 63, 75 n. 7(1977).

In his opposition to the motion to dismiss, Petitioner disputes the assertion that he is raising only an issue of state law; Petitioner argues that, to the contrary, he is contending that Respondent has failed to support the finding that he committed a serious rules violation with "some evidence." (Doc. 11, p. 3). Petitioner reasons that while excessive kissing "does support a guilty finding for a lesser rules violation," it does not support the rule violation as charged. (Id.). Petitioner contends that "only those visiting offense[s] that pose a threat to facility security as described in 3315(a)(3)(N) require revocation of good time credits. No evidence support[s] such a finding in this case." (Id.). Respondent replies that, despite Petitioner's arguments, the gravamen of his habeas claim is that Respondent has improperly classified "excessive contact" as a serious, rather than administrative, disciplinary concern. Respondent notes that title 15, Cal. Code Regs., § 3315(a)(N) provides that inmate misconduct shall be classified as serious if it involves a visiting violation presenting a threat to the security of the facility. (Doc. 12, p. 3). Respondent concludes by asserting that because Petitioner's challenge to Respondent's classification of the offense is a matter of state law, habeas jurisdiction is lacking. (Id.). The Court agrees with Respondent.

Although Petitioner challenges the allegation that his female visitor was fondling his groin, asserting that she merely rested her hand there, he does not otherwise dispute that he engaged in described in the conduct described in the Rules Violation Report, i.e., that he repeatedly kissed and embraced his female visitor, even after cautions by prison staff, and that her hand was in the vicinity of his groin. Nor does he argue that, if such evidence were believed by the hearing officer, that it would constitute "some evidence" of the violation charged, i.e., excessive contact. From these undisputed facts, it is clear that "some evidence" supports the hearing officer's decision that Petitioner committed the offense charged in the RVR. Petitioner does not contend that he was denied federal due process during the hearing process.

Petitioner does maintain, however, that "some evidence" could not be presented to support the charge of "excessive contact" since, under Petitioner's reasoning, no amount of evidence of kissing and embracing could make such "excessive contact" a "serious" disciplinary violation since such conduct does not implicate prison security.

From Petitioner's own arguments, it is obvious that the petition's claim goes not to the

quantum of evidence presented at the disciplinary hearing, but to the original decision by Respondent to classify such conduct, when supported by "some evidence," as "serious" rather than merely "administrative."[1] Thus, Petitioner's claim, when properly understood, challenges only Respondent's administrative decisions in the application of California law. The gravamen of the petition's claim is not the amount of evidence presented at the hearing, but the way in which the state regulations classify the violation, once proven. No amount of creative packaging by Petitioner can alter the fundamental fact that in this case he raises only an issue of state law, not a cognizable federal habeas claim.

Finally, for good reason, even where jurisdiction exists, federal courts are reticent to micro-manage a respondent's decisions regarding the day-to-day handling of prison discipline. "[F]ederal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment....Such flexibility is especially warranted in the fine-tuning of the ordinary incidents of prison life...." Sandin v. Conner, 515 U.S. 472, 482 (1995). In Procunier v. Martinez, 416 U.S. 396, 404-405 (1974), overruled in part on other grounds, Thornburgh v. Abbott, 490 U.S. 401 (1989), the Supreme Court explained the basis for this deference:

> Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration. In part this policy is the product of various limitations on the scope of federal review of conditions in state penal institutions. More fundamentally, this attitude springs from complementary perceptions about the nature of the problems and the efficacy of judicial intervention. Prison administrators are responsible for maintaining internal order and discipline, for securing their institutions against unauthorized access or escape, and for rehabilitating, to the extent that human nature and inadequate resources allow, the inmates placed in their custody. The Herculean obstacles to effective discharge of these duties are too apparent to warrant explication. Suffice it to say that the problems of prisons in America are complex and intractable, and, more to the point, they are not readily susceptible of resolution by decree. Most require expertise, comprehensive planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. For all of those reasons, courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform. Judicial recognition of that fact reflects no more than a healthy sense of realism.

---

[1] The state superior court expressly noted that the "opportunity for the passing of contraband between individuals engaged in such conduct is very real; especially when viewed in light of Petitioner's willingness to intentionally and repeatedly disregard limiting prison regulations." (Doc. 10, Ex. 2, p. 2). Although Petitioner characterizes the superior court's ruling as "speculation" that attempts to "salvage" Respondent's erroneous classification of the offense (Doc. 1, p. 4), Petitioner does not otherwise refute either the findings or the reasoning of the superior court as they relate to the potential threat to prison security posed by the conduct for which Petitioner was found guilty.

Procunier, 416 U.S. at 404-405. Thus, even if Petitioner's claim of improper classification were cognizable in these habeas proceedings, for the reasons set forth in Sandin and Procunier, this Court would be extremely chary of trying to second-guess Respondent's decision to classify the offense in this case as "serious."

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss (Doc. 10), be GRANTED, and that the habeas corpus petition be DISMISSED for failure to state a cognizable federal habeas claim.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 23, 2010**

**/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE